BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
DANIEL P. TALBERT
Special Assistant United States Attorney
    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8926
    Facsimile:  (415) 744-0134
    E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JOHN J. SPANGLER,<br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | Case No. 2:10-cv-01582-DAD<br><br>STIPULATION AND PROPOSED ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of SIX THOUSAND dollars and 0 cents ($6,000.00), and costs in the amount of THREE HUNDRED FIFTY dollars and 0 cents ($350.00) pursuant to 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920 and 2412.

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the ability to honor the assignment

Stip. & Prop. Order for EAJA                1

will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to John V. Johnson, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted November 14, 2011.

Respectfully submitted,

Dated: October 27, 2011
*/s/ John V. Johnson*
(As authorized via email)
JOHN V. JOHNSON
Attorney for Plaintiff

BENJAMIN B. WAGNER
United States Attorney

Date: November 14, 2011   By *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant U. S. Attorney

Attorneys for Defendant Michael J. Astrue

Stip. & Prop. Order for EAJA         2

<u>ORDER</u>

APPROVED AND SO ORDERED.

DATED: November 22, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD1\orders.soc sec\spangler1582.stipord.attyfees